The first case for argument this morning is 16-1218 In Re Celgard. Mr. Morton, whenever you're ready. Good morning, your honor. May it please the court. Celgard is a supplier to the battery industry and its battery separator patent is used and licensed by many companies including LG who on the patent by several companies. The PTAB finally invalidated based upon one of LG's secondary grounds the combination of Tobishima plus Tojo. In just two paragraphs the board found it would be obvious to combine these references to create a new claim element that does not exist anywhere in the prior art. A ceramic composite layer adapted to block dendrite growth and prevent electronic shorting. So you're not contesting that all of the limitations are found in these two prior art. You're just contesting whether or not the board was correct in finding there was a motivation to combine. Is that right? I am contesting, your honor, that all the limitations a ceramic composite layer adapted to block dendrite growth does not exist in either reference. Does your claim require adapted to block dendrite growth? Is that what the claim requires? Yes. It expressly says that? Yes. It provides it is a structural claim element ceramic composite layer. If you read the entire claim element it adds functional limitations to that structure which is a perfectly fine way to limit a structural claim and that's what the claim is. It's a ceramic composite layer adapted to block dendrite growth and prevent electronic shorting. You're not suggesting an intent component though of the claim meaning if something was created and it did in fact block dendrite growth that would be sufficient even if it wasn't created for that intent, right? I understand your question. I don't think I am making an intent argument. I would argue that the combination does not yield that claim element and I have several reasons why that's true and why the board's decision should be reversed. The first reason is that the board's decision that Tojo does not anticipate or render obvious is in direct conflict with the board's finding that Tobashima plus Tojo renders obvious. Let me go into what I mean directly by that. The punch line is you can't take the particles without the holes. I'll explain what I mean. The board analyzed Tojo's surface hardness layer which is used to prevent tearing by hard microparticles that flake off during manufacture of the battery. The board found no anticipation because Tojo teaches that to maintain conductivity through the separator you need to create quote open holes open holes which of course will not block soft lithium dendrite growth and prevent electronic shorting. The board also found the same missing claim element was not obvious when analyzing claims 4 and 12 which require the use of certain polymers. The board concludes at A22, I do want to quote this, thus even if an ordinary artisan were to find it obvious to try one of the specific matrix materials in dependent claim 4 the resulting ceramic composite layer required by both claim 4 and claim 12 would nonetheless have the pores that Tojo teaches should be present in that layer. Different matrix material, same open holes. Now we get to Tobashima where the second film is not just different matrix material. It is an electrolyte solution impregnated film that is gelatinous. Before you go on I'm still sort of stuck on the idea of your answer to the first question. I know that you're in a densely technical area and I don't want to derail you too much but I remembered this case being all about motivation to combine and on page 16 of your blue brief you expressly say that the dispute party's dispute before the board was the absence of a reason to combine Tobashima with Tojo. That's what you say is the dispute that was before the board and that's what you frame as the dispute before us and you just answer Chief Judge Pro's question by saying now we also dispute the presence of one element. I mean that's a different issue you realize. Disputing the presence of the elements in the references is a different issue than disputing whether there's a motivation to combine and didn't you waive the issue of whether a particular element is in fact disclosed in any of the references? I think we've always said that Tobashima has a gelatinous mushy layer which it says can block dendrite growth. There's no ceramics. Tojo has a ceramic surface hardness layer with open holes in it that will not block dendrites. So I don't think we've ever said that claimed element is present in either reference. The combination, the suggested combination. You expressly said that the issue before the board was whether there's a motivation to combine these two things. Show me anywhere in your brief to this court where you argued that one of the actual claim elements was missing from the combination of the two as opposed to it wouldn't be obvious to combine these two to come up with the claimed solution. Sure. I don't know if I can give you the precise site. Maybe between now and your rebuttal time you and your associate can find it because I think you've waived that argument. I don't recall a place in the brief where I see you to have made it but I could be mistaken. I don't look and see but I thought that your issue was motivation to combine. I don't remember you raising an issue related to whether or not one of the elements was even disclosed by either reference. Please continue. The issues I think do run together because what the proposed combination is is to simply take the particles out of Tojo's surface hardness layer with holes. Just extract those particles and sprinkle them into Tobishima's mushy layer. So that's what the combination does and if you made that combination according to the board you would then have a surface or you would have a you would have a layer of Tobishima which says it blocks dendrites by virtue of a thick mushy gelatinous electrolyte impregnated layer and you would have particles in it for no real purpose but then you would have ceramics in it and you would meet the claim limitation. And my whole point on this first section. When you say for no real purpose couldn't one of the purposes be to increase the mechanical strength? Forget about dendrite blockage. Couldn't the purpose be to increase the mechanical strength? Right and that is the only reason given to combine these references. Both references expressly use that term so it's not like the board manufactured that out of thin air. Both references discuss increasing mechanical strength. Yes LG and the board in this case I issue. We all know they're talking about two different kinds of mechanical strength. That's undisputed. In Tobishima you have a mushy layer and they wanted to potentially give that some more form more dimensional stability and in Tojo mechanical strength is clearly surface hardness to prevent scratching tearing breaking by hard particles during manufacture. So the technical reality your honor is that in Tobishima the cross-linking modifies the polymer itself changing its structure so the polymer and by extension the mushy film will have stability. In Tojo the particles are hard and Tojo teaches examples of how to make a hard layer even without particles based on how you form that layer. It's two completely different mechanisms addressing different types of mechanical strength that are not interchangeable and finally if you add if you did just pull out Tojo's particles and sprinkle them into Tobishima you would not increase mechanical strength of any kind. It's undisputed from our expert that the resulting polymer quote the resulting polymer would lack form but have grit in it like wet glue with sand in it and that's LG's burden on mechanical strength and there is no evidence on this point other than just the word matching game that LG and the board have engaged in. All the LG said through its expert in the petition is that A163 to 164 just says both references say mechanical strength and then applying common sense there's a motivation to combine but of course common sense cannot supply a missing claim element that is the defining feature of the invention. Well the board analyzed this precise question I think at A29 right? Yes. So can you tell us what they did wrong? I mean there's a substantial evidence review here I think we did have experts from both sides so what in particular with respect to the board's findings here is just sufficient to overcome the deferential standard review. Sure they've noted only that both references say the words mechanical strength they say it's a broad term and then they say Tobishima is not limiting in the ways you could increase mechanical strength that of course is not an affirmative reason to combine there's no affirmative reason to combine they also cite no evidence from LG none whatsoever other than the only says if you want to let me see if I can get the quote for you and to increase mechanical strength the polymer materials used may be modified to have a cross-link structure. You say that common sense cannot supply a missing element is common sense relevant on motivation to combine a couple of references in a particular narrow field of art? Well the case I would cite is the Arendi decision that's recent that says common sense can't just be used to fill in anything you want in this case where you have a ceramic composite layer adapted to block dendrite growth which the patent lays out as the heart of the invention and it does not exist anywhere in the prior art I don't think you could just say I've got a couple of references which together pretty much disclose everything and so mixing and matching doesn't doesn't seem especially non-obvious and you've got a deferential standard of review? The problem is they they're you cannot mix and match them they propose conflicting solutions to different problems. Tojo proposes hardness with holes in it to stop tearing during manufacture. Togashima proposes thick gelatinous layer to stop dendrites during use. The holes of Tojo as the board found mean it will not block dendrite growth and Tojo teaches to maintain conductivity with its ceramic layer the way it's made you have to make holes which goes back to my you can't take the particles without the holes and if you put holes in Togashima that completely defeats Togashima's goal of blocking dendrite growth so they are completely disparate references with conflicting solutions that do not go together and to put I know to further go on that I want to get back to my all that's in Togashima which is all the board cites on this which is that in to increase mechanical strength the polymer materials may be modified. It doesn't say anything about any other kind of mechanical strength it doesn't say you can add completely different materials and thereby increase mechanical strength only you can modify the polymer by cross-linking that does not suggest you could then instead put a bunch of particles which take up space decrease conductivity and that that would be a good idea and there's no evidence from LG on this point so I see I'm into my rebuttal time and oh good morning may it please the court this case is just about a motivation to combine and that's all the cell guard raised in their opening brief if you look at page two of their blue brief that's the question presented by cell guard and if you look at the table of contents their argument other than secondary considerations is just about reason to combine so any other arguments that cell guard is trying to make today have been waived but but the gist of his argument is under the rubric of motivation to combine most of what your friend has said this morning deals with the lack of motivation that would have existed to combine these two references so I wanted to address that point right so one of the arguments that cell guard makes is that mechanical strength has different meanings and one wouldn't understand mechanical strength in but does that even matter though I mean if I was talking about increasing the mechanical strength of a chair I could do it by reinforcing the legs reinforcing the back reinforcing the seat those are all different ways to potentially increase the mechanical strength maybe they don't all address the same element in terms of increasing it so I don't know I don't know that I mean under a substantial evidence review is it really for me to figure all that out no we think that under substantial evidence the board was absolutely correct because both references use the term mechanical strength and the distinction that they're trying to draw appears nowhere in the references they say that tobashima is limited to cross-linking but it's not tobashima is not limited to cross-linking and then they and then their expert dr wensley says that cross-linking may also increase the surface hardness of the material which is what they say tojo means and the distinction they're trying to draw between surface hardness in tojo and dimensional stability in tobashima even their own expert doesn't agree with they're not conflicting you know so they say that you know using inorganic particles and cross-linking are conflicting solutions but again that's not correct because dr abraham's paper which selgard relies on for other reasons says that adding inorganic particles can also increase dimensional stability and there's no rebuttal to that so i'm happy to answer questions but if the court has no further questions there's nothing else i feel i need to address that's right thank you now that was quicker than i expected your honor i am ready so the best place in our briefing is actually in the reply brief on pages two to five that discusses the the missing element and the problem is again the issues run together because you have to make the combination to formulate the missing element and we've never never waved and never agreed that either reference has the missing element ceramic composite layer and i want to address the uh the issues directly and rebuttal that were raised by the pto just now one is again they simply say tobashima is not limited to cross-linking but tobashima and they tried to pitch this in the brief that somehow cross-linking is one option but tobashima doesn't say that that's an option or that there are other options it only says you can modify the polymer itself by cross-linking and to say that it's not limited is not an affirmative reason to combine or motivation to combine that's the error that lg and board and the board and the pto today are making i will also address the statement that our expert dr wensley said cross-linking can increase some surface hardness i'd urge the court to read that actual paragraph the whole thing and what he he's very clear about what cross-linking actually is and is technically honest it changes the polymer throughout the structure to give a dimensional stability so is there some increase in surface hardness yes but that really doesn't matter the point is still modifying the polymer versus adding a completely different material that's actually going to make your battery worse because it lowers conductivity and then i want to address this uh the abraham paper if you listen to the pto now i mean there was no evidence from abraham from his declarations nothing other than the one sentence in tobashima that says modify the polymer so instead they go to abraham's paper which we put in the record to show that if you add particles to some films whatever films he was looking at in his paper you can actually destroy the film and make it to use this dr abraham didn't use that paper there is no evidence in the record analyzing the actual electrolyte solution impregnated film of tobashima and saying that you could add particles to that saying that it would then become stronger in any way the only evidence on that point is dr white saying that it would be like adding sand to wet glue so that is clearly not increasing mechanical strength so that reason simply fails because there is no evidence on that reason so in conclusion your honors the 586 patent should not be invalid based upon two references that are different in every way except for two matching words and it should not be invalid or the board's own analysis of the tojo reference shows that the combination of tobashima should have open holes and wouldn't create the claimed invention so i deserve this clerk's close attention and i have request reversal of this decision thank you we thank both sides in the case